IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| SAMUEL KERSON, <br> Plaintiff, <br><br> v. <br><br> VERMONT LAW SCHOOL, INC., <br> Defendant. | ) <br> ) <br> ) <br> )    No. 5:20-cv-00202-gwc <br> ) <br> ) <br> ) <br> ) |

## VERMONT LAW SCHOOL, INC.'S
## SUPPLEMENTAL FILING IN SUPPORT OF SUMMARY JUDGMENT

By Entry Order dated March 11, 2021 (Doc. 22), the Court converted the Motion to Dismiss filed by Vermont Law School, Inc. ("VLS") to a Motion for Summary Judgment and invited the parties to supplement their motion papers. VLS submits this supplemental memorandum and the accompanying declaration of Jeffrey Knudsen in support of its Motion, and requests that the Court enter judgment dismissing Plaintiff's claim.

### Memorandum

The issue remaining before the Court is a narrow one. The Court has issued a preliminary ruling that the act of covering a work of art is not a violation of VARA in and of itself, *see* March 10, 2021 Order on Motion for a Preliminary Injunction at 11, and presumably will affirm that ruling on summary judgment. This leaves only the question of whether installing a cover (or keeping it in place over a period of time) may cause damage to the Mural and thereby violate VARA. As briefly explained below, the undisputed facts establish that installation of the cover will

not cause any legally cognizable modification, mutilation, distortion, or destruction of the Mural in violation of VARA. For that reason, VLS is entitled to judgment.

Kerson has raised two concerns with the impact of the proposed cover on the Mural. First, in his Opposition to VLS's Motion to Dismiss, Kerson suggested that the installation process "could involve pasting or gluing the panels directly on the wall surface, thereby destroying, modifying, or distorting the images" in violation of VARA. Opposition at 7. The undisputed facts confirm that this concern is baseless. As described in the February 12, 2021 Declaration of Jeffrey Knudsen and accompanying construction drawings, the cover will be attached only to the wall, and the frame will be constructed so as to leave approximately two inches of space between the acoustic panels and the surface of the Mural. *See* February 12, 2021 Declaration of Jeffrey Knudsen (Doc. 13-1) and Exh. C (Doc. 13-2).

Second, Kerson has questioned whether maintaining the cover in place over time may eventually cause deterioration or damage to the Mural. This concern—which is entirely speculative—fails to provide any basis to avoid summary judgment. To start with, the mere possibility that closing off the Mural over time might at some future point lead to deterioration does not make out a present violation of VARA. *Cf. Authors Guild, Inc. v. HathiTrust*, 755 F.3d 87, 100–01 (2d Cir. 2014) (finding, in copyright fair use dispute, that "conjectural" or "hypothetical" risk of future harm to value of copyrighted works was insufficient to remove fair use protection). Absent any actual, concrete showing of intentional modification or mutilation of the Mural (or intentional or grossly negligent destruction of the

2

work)—which is absent here—Kerson has no cognizable VARA claim.[1]  *See D'Amico v. City of New York,* 132 F.3d 145, 149 (2d. Cir. 1998) (speculation and conclusory allegations are insufficient to overcome summary judgment).

Nor is there any reason to believe that covering the Mural will pose even a risk of future harm—if anything, it will reduce risk to the Mural.  The cover will protect the Mural from any degradation that might be caused by exposure to light over time.  *See* March 22, 2021 Declaration of Jeffrey Knudsen, ¶ 3.  VLS also intends to install digital humidity and temperature monitors both behind the cover and in the room itself, to ensure that there is no significant deviation in the space behind the cover from ambient conditions in the upper level of Chase Hall.  *Id.,* ¶ 4.  Perhaps most importantly, the cover will operate to deter access by anyone who might wish to injure or deface the work.  *Id.*, ¶ 3.  This is not a fanciful concern: in the past several years in Vermont, vandals have defaced prominent murals addressing issues of race and history on multiple occasions.  *See, e.g.*, Aidan Quigley, *Controversial Burlington Mural Vandalized Again*, VTDigger (Nov. 2, 2018), available at https://vtdigger.org/2018/11/02/controversial-burlington-mural-vandalized/ (last accessed March 23, 2021); Sawyer Loftus & Elizabeth Hewitt, *Police Investigate Vandalism of Black Lives Matter Mural*, VTDigger (June 14,

---

[1] Kerson's burden in proving actionable harm would be a heavy one.  To the extent there were degradation over time—and there is no reason to believe there will be—it would be actionable, if at all, only under 17 U.S.C. § 106A(a)(3)(B), prohibiting the destruction of a work.  The prohibitions against modification, distortion, and mutilation of a work under § 106A(a)(3)(A) only operate where such modification would be prejudicial to the artist's reputation—and, as the Mural will be covered, any changes would not be seen and thus would not reflect on Kerson's reputation one way or another.  Hence, it would not be enough to show that changes over time had modified Kerson's work; he would have to prove that the work had been destroyed.  Kerson would also have to establish that any changes were not simply the result of the passage of time or the nature of the materials to prove a violation.  *See id*. § 106A(c)(1) (exempting modifications resulting from time or nature of materials).

2020), available at https://vtdigger.org/2020/06/14/police-investigate-vandalism-of-black-lives-matter-mural/ (last accessed Mar. 23, 2021).

To be clear, the question of potential deterioration of or damage to the Mural over time is to a large degree academic: as VLS has previously noted, it does not intend to display the Mural in the future.  That notwithstanding, the undisputed facts show that installation of a cover over the Mural will not modify or harm the work, nor is there any non-speculative risk of future harm.  VLS accordingly requests that the Court enter summary judgment in its favor.

Dated at Burlington, Vermont this 25th day of March, 2021.

By */s/ Justin B. Barnard*
Karen McAndrew, Esq.
Justin B. Barnard, Esq.
DINSE
209 Battery Street
Burlington, VT  05401
802-864-5751
kmcandrew@dinse.com
jbarnard@dinse.com

*Counsel for Vermont Law School, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2021, I electronically filed with the Clerk of Court the foregoing document using the CM/ECF system. The CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) to the following NEF parties:

Richard Rubin, Esq.
rrubin@rkmvlaw.com

Steven J. Hyman, Esq.
shyman@mclaughlinstern.com

Dated:  March 25, 2021            /s/ *Justin B. Barnard*
                                  Justin B. Barnard, Esq.