IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| SAMUEL KERSON, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>VERMONT LAW SCHOOL, INC., )<br>Defendant. )<br>) | No.  5:20-cv-00202-gwc |

**VERMONT LAW SCHOOL, INC.'S MOTION (1) TO RECONSIDER ORDER
OF APRIL 22, 2021 OR (2) IN THE ALTERNATIVE, TO EXTEND TIME
FOR FILING REPLY IN SUPPORT OF SUMMARY JUDGMENT**

Vermont Law School, Inc. ("VLS"), by and through counsel, moves the Court to reconsider its Order of April 22, 2021—issued before VLS could reply to Plaintiff's memorandum—which effectively paused summary judgment proceedings so that Plaintiff could take limited discovery and attempt to locate an expert. Alternatively, VLS moves pursuant to Fed. R. Civ. P. 6(b) for an order extending the deadline for it to file its reply in support of summary judgment until August 1, 2021, with the Court to schedule a hearing on the motion thereafter.

## Memorandum

But for the relative obscurity of the federal law underpinning Plaintiff's claims, this is a simple case.  VLS wishes to cease displaying Plaintiff's mural permanently; the Court has said, at least at the preliminary injunction stage, that there is nothing in the Visual Artists Rights Act ("VARA") that bars VLS from doing so.  Plaintiff is now doing everything he can to delay a final ruling confirming VLS's right to cover his work.  Notwithstanding the fact that the Mural will be forever removed from display—and that VARA affords him only the limited rights

enumerated in the statute, and those solely for the period of his lifetime—Plaintiff contends that he needs a chance to obtain an expert on the long-term effects of covering the Mural, and has raised unfounded questions about potential harm the installation of the cover may cause to the Mural.

This is a wholly unnecessary and unwarranted use of time and resources. There is no genuine question that the installation of the cover will not destroy or mutilate the Mural at the present time or in the immediate future—and that is dispositive of the VARA claim. Respectfully, the law does not give Kerson the right to inject himself as chief facilities manager and art conservator at VLS: the question of whether there might be some risk of degradation to his work over a period of time due to the enclosed environment behind the cover is not one that is cognizable under VARA. Nor, manifestly, is it what prompted this lawsuit. What Kerson wants is not to ensure that his work be maintained to his specifications behind a permanent cover, but rather that the Mural remain on display. As the issues he seeks to explore now are not relevant to whether he has a viable claim under VARA (he does not), there is no basis to pause this litigation to allow him to try to find an expert. VLS asks that the Court resolve the merits of the claim without further delay and allow Kerson, if he wishes, to take the issue actually at stake—whether he can bar VLS from covering his work—up on appeal.

Alternatively, VLS requests that the Court delay the deadline for it to file its reply in support of summary judgment to allow time for VLS to depose Plaintiff's expert(s) and respond to the substance of any expert opinions in its reply.

## **Procedural Background**

VLS filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on February 1, 2021.  (Doc. 10.)  By entry order on March 11, 2021, the Court converted the Motion to a summary judgment motion, granting VLS fifteen days to make a supplemental filing, with Plaintiff to file a response within fifteen days and VLS to file its reply fifteen days thereafter.  (Doc. 22.)  VLS filed its supplemental memorandum by the deadline set by the Court.  (Doc. 23.)

On April 8, 2021, Plaintiff asked for—and VLS assented to—an extension of the time for him to respond.  (Doc. 24.)  In that response memorandum, filed on April 14, Plaintiff argued that he needed yet more time to (among other things) try to locate an expert to support his assertion that installation of a cover might, over time, possibly result in some degradation to the Mural at issue.  (Doc. 26.)  Before VLS could reply, the Court issued another order granting Plaintiff sixty days from May 1 to conduct discovery and obtain an expert, with a hearing on summary judgment to be set after July 1.  (Doc. 28.)

Under the Court's original entry order, VLS's summary judgment reply would be due on Thursday, April 29, 2021.  The undersigned has contacted counsel for Plaintiff and requested that Plaintiff consent to extend the deadline for VLS to file its reply to thirty days after Plaintiff's disclosure of his expert(s).  Plaintiff declined.

## Argument

### A. Because Kerson Seeks to Explore Issues Immaterial to Summary Judgment, the Court Should Reconsider Its Order Delaying Resolution of VLS's Dispositive Motion.

Rule 56 allows a party opposing summary judgment to request deferral of ruling so as to allow targeted discovery to occur, *see* Fed. R. Civ. P. 56(d), but such a request must rest on a claimed absence of evidence on an issue material to summary judgment. Specifically, the non-movant must demonstrate by affidavit or declaration "what facts are sought and how they are to be obtained" and "how those facts are reasonably expected to create a genuine issue of material fact." *Hudson River Sloop Clearwater, Inc. v. Dep't of Navy*, 891 F.2d 414, 422 (2d Cir. 1989) (affirming denial of motion where discovery "sought would not reveal anything new requiring denial of summary judgment"); *see also Tennenbaum Capital Partners L.L.C. v. Kennedy*, 372 F. App'x 180, 181–82 (2d Cir. 2010) (affirming summary judgment and noting that "a Rule 56[(d)] application is appropriately denied when the party seeking further discovery has failed to show how the facts sought were reasonably expected to create a genuine issue of material fact relating to any issue raised in the litigation" (quotation marks and citation omitted)). Here, Kerson has failed to meet his burden to establish how the facts he seeks can reasonably be expected to create a genuine issue of material fact as to the issues properly before the Court. VLS therefore requests that the Court reconsider its Order permitting Kerson to delay progress of this case to seek discovery on issues that are not material and will not alter the outcome.

Kerson's submission and the attached declaration from Daniel Hecht raise two sets of issues.  First, they suggest that the acoustic panels VLS has acquired to cover the Mural are "too short to fit on the frame" that will be constructed to hold them (Doc. 26-1 at 1-2), which seems to imply that the cover might, in fact, have to be affixed to the Mural itself, causing harm during the installation process.  This is demonstrably false.  It is true that both the panels and the Mural are eight feet tall.  However, the construction drawings previously submitted by VLS leave no mystery as to how these eight-foot panels will be suspended over the mural: an outer 1" x 4" frame will be constructed that will "not contact [the] mural," over which will be constructed a wider 1" x 6" frame that will overlap and extend above the mural, leaving, because of the overlap, a gap of *less* than eight feet to bridge.  *See* Exh. C to Feb. 12, 2021 Declaration of Jeffrey Knudsen (Doc. 13-2) at 1, 3; *see also* Feb. 12, 2021 Declaration of Jeffrey Knudsen (Doc. 13-1), ¶ 7 (noting that, if any alterations were needed to adapt to conditions, they would be made in such a way as to "avoid contact with the mural").  Kerson's attempt to delay summary judgment by implying questions as to facts that are directly disproven by evidence already before the Court is unavailing and should be denied.

Second, Kerson questions whether maintaining the cover in place over time may eventually cause deterioration or damage to the Mural, speculating as to the risk of potential condensation due to humid conditions or off-gassing of adhesives behind the cover.  Even if these questions are genuinely posed, and not simply intended to delay and increase the cost of defending this action, they are not

5

material to summary judgment and cannot justify delaying resolution of the merits. VARA grants a visual artist defined, *limited* rights: an artist of a work of recognized stature may prevent the work's destruction, and artists of any visual work may prevent the "intentional distortion, mutilation, or other modification of that work *which would be prejudicial to his or her honor or reputation*." 17 U.S.C. § 106A(a)(3) (emphasis added).  The potential for deterioration over time implicates neither. Covering the work is not an act of "destruction," and any changes that might occur over time due to environmental conditions would not reflect on Kerson's "honor or reputation" in a prejudicial manner—nor could they, as nobody will see the work once the cover has been installed.

Moreover, even if Kerson could articulate a viable argument that the potential for unseen deterioration of the Mural behind the cover would reflect in a prejudicial manner on his honor—which is, again, an entirely illogical proposition— the structure of VARA unambiguously reflects that this type of change was not the "modification" with which Congress was concerned.  The Act includes two express exclusions relevant here.  First, VARA states that the "modification of a work of visual art which is a result of the passage of time or the inherent nature of the materials is not a distortion, mutilation, or other modification."  17 U.S.C. § 106A(c)(1).  Second, it provides that "[t]he modification of a work of visual art which is the result . . . of the public presentation, including lighting and placement, of the work is not a destruction, distortion, mutilation, or other modification . . . unless the modification is caused by gross negligence." *Id.* § 106A(c)(2).  In other

6

words, except for cases of gross negligence—of which there is no plausible claim here, given VLS's diligent efforts to balance Kerson's concerns with its own rights to discontinue display of the Mural—VARA does not impose liability on owners of artwork who, through otherwise permissible actions, create conditions that lead to modification or degradation of artwork.

In short, the issues Kerson seeks to raise are far afield from concerns that animated enactment of VARA, and do not implicate any rights Kerson might claim under the law. Rather than indulge in further delay and expense to conduct expert discovery on irrelevant issues, VLS respectfully requests that the Court reconsider its April 22, 2021 Order and proceed to a ruling on summary judgment based upon the undisputed, *material* facts already before it.

> **B.    Alternatively, the Court Should Extend the Deadline for VLS to File Its Reply in Support of Summary Judgment to Allow Time to Depose and Respond to Any Experts Disclosed by Kerson.**

If the Court does not reconsider its decision and allows discovery to proceed on the question of the potential that covering the Mural may eventually lead to some degradation, VLS moves the Court pursuant to Fed. R. Civ. P. 6(b) for an order extending the deadline for it to file its reply in support of summary judgment until August 1, 2021, with the Court to schedule a hearing on the motion thereafter. VLS is entitled to the opportunity to respond to any expert evidence Kerson may submit, after having had the opportunity to depose Kerson's expert(s).

To be clear, VLS does not intend to retain its own expert at this juncture. Thus, if the Court proceeds consistent with its April 22 Order and allows Kerson to

disclose an expert, the Court need not further extend the discovery schedule to permit reciprocal disclosures and depositions to take place. VLS believes the issues Kerson seeks to raise via expert opinion to be completely irrelevant to the merits. If the Court ultimately denies summary judgment, VLS presumes a discovery schedule will be entered and it will have an opportunity to disclose its own experts on issues germane to VARA, including whether the Mural qualifies as a work of "recognized stature" subject to protection against destruction.

## Conclusion

At a time when the news headlines are dominated by stories of racial injustice, public health crisis, and economic hardship, it is difficult to justify the prospect of months more litigation (and expense) over the attenuated risk that the Mural—which is to be placed behind a permanent cover and never displayed again—might be subject to some deterioration during the artist's lifetime. The art preservation questions Kerson seeks to explore are of academic interest only: they are ancillary to the central issue in this litigation and do not implicate any rights under VARA. For that reason, VLS requests that the Court reconsider its April 22, 2021 Order and rule on summary judgment based on the record before it.

Dated at Burlington, Vermont this 29th day of April, 2021.

By  */s/ Justin B. Barnard*
Karen McAndrew, Esq.
Justin B. Barnard, Esq.
DINSE
209 Battery Street
Burlington, VT  05401
802-864-5751
kmcandrew@dinse.com
jbarnard@dinse.com

*Counsel for Vermont Law School, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2021, I electronically filed with the Clerk of Court the foregoing document using the CM/ECF system. The CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) to the following NEF parties:

Richard Rubin, Esq.
rrubin@rkmvlaw.com

Steven J. Hyman, Esq.
shyman@mclaughlinstern.com

Dated:  April 29, 2021                    /s/ *Justin B. Barnard*
                                                  Justin B. Barnard, Esq.