UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| SAMUEL KERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:20-CV-00202-CR |
| VERMONT LAW SCHOOL, INC., | ) ) ) |
| Defendant. | ) |

**PLAINTIFF SAMUEL KERSON'S SUPPLEMENTAL RESPONSE TO DEFENDANT VERMONT LAW SCHOOL INC.'S MOTION FOR SUMMARY JUDGMENT**

This submission supplements Kerson's prior opposition, filed on April 14, 2021, to Vermont Law School's ("VLS") Motion for Summary Judgment. The Court had converted VLS's Motion to Dismiss to a Motion for Summary Judgment. In his April 14, 2021 submission, Kerson argued that a decision on the Motion for Summary Judgment was premature, because the record was insufficiently developed to determine whether or not there are genuine facts in controversy.[1] Specifically VLS had contended that the "undisputed facts establish that installation of the cover will not cause any legally recognizable modification, distortion, or destruction of the Mural in violation of VARA." (VLS Supplemental Filing, dated March 25, 2021, pp. 1-2.) Kerson disputed this assertion but argued that he required additional discovery to fully address VLS's contention.

On April 22, 2021, the Court granted Plaintiff's request for additional time to conduct discovery and to retain his own expert concerning the potential deterioration of the Murals

---

1 The plaintiff's substantial pleading (Doc. 26, April 14, 2021) addresses all of the issues and more particularly the question whether the proposed wall is a "modification" of the Murals under VARA. It supplements earlier filings and responds to the Court's conclusion that there is no modification by a wall not touching the surface of the art.

1

behind the wall proposed by VLS. Kerson conducted additional discovery, taking the deposition of Jeffrey Knudsen, VLS's Buildings and Grounds Supervisor, and retaining Emily Phillips, the principal of Phillips Art Conservation, LLC, as his expert witness. The deposition transcript of Mr. Knudsen and the declaration of Ms. Phillips (hereinafter, "Phillips Declaration") are annexed hereto as Exhibit 1 and Exhibit 2, respectively. The Knudsen deposition and the Phillips declaration both confirm that genuine issues of material fact remain as to the impact VLS's proposed wall will have upon the Murals. The Phillips declaration also addresses the Court's comment, on p. 9 of its March 10, 2021 Order denying Plaintiff's Motion for a Preliminary Injunction, that Plaintiff had provided no support for his contention that placing the Murals behind a fixed wall without air conditioning might cause the sheetrock to deteriorate. Accordingly, VLS's Motion for Summary Judgment must be denied.

The damage to the Murals, including their potential deterioration, is a genuine and critical fact issue as the Visual Rights Act, 17 U.S.C. §106A ("VARA") grants the right

(A) To <u>prevent</u> any intentional distortion, mutilation, or other modification of that work which would be prejudicial to his or her reputation ..., and

(B) To <u>prevent</u> any destruction of a work of recognized stature. *Id*. (emphasis supplied)

This language confirms that VARA grants the right to prevent potential damage to the work. It is a prospective remedy and, thus, it is not necessary for damage actually to occur before this right may be asserted. Because the potential distortion, mutilation, other modification, or destruction of the Murals, due to VLS's cover-up remains a disputed issue of a genuine material fact, summary judgment is premature.

In its Supplemental Filing in Support of Summary Judgment, dated March 25, 2021, at fn. 1, and again, on p. 6 of its Motion to Reconsider Order of April 22, 2021, dated April 29, 2021, VLS argues that once the Murals are covered, any changes would not be seen and that any deterioration or damage to Murals over time, caused by an acidic atmosphere and condensation due to humid conditions is immaterial because "covering the work is not an act of 'destruction,' and any changes that might occur over time due to environmental conditions would not reflect on Kerson's 'honor or reputation' in a prejudicial manner – nor could they, as nobody will see the work once the cover has been installed."

This argument misses the point as covering the Murals, in and of itself, damages Kerson's honor or reputation. Kerson fully briefed this in his earlier Response to VLS's Motion for Summary Judgment. Moreover, the Court, in its Order declining to issue a preliminary injunction, acknowledged that concealing the Murals behind a permanent wall may qualify as "derogatory action" damaging Kerson's honor or reputation, as it is a statement that the Murals no longer merit a place within the law school community. Notably, VLS's argument confirms that VLS has no interest in preserving the Murals. Rather, its only interest is, and has always been, to cover up the Murals, and to remove them forever from public view. This is fully confirmed by Mr. Knudsen. *See, infra.*

### The Knudsen Deposition Confirms that VLS's Planned Cover-up Failed to Consider its Impact on the Distortion, Mutilation, other Modification or Destruction of the Murals

The Knudsen deposition confirms that since early of 2020 through the present, VLS's goal has been to destroy or entomb the Murals. VLS has failed to consider seriously the

3

preservation and protection of the art. Furthermore, as analyzed in detail in the Phillips declaration, VLS's minimal steps to protect the Murals are entirely insufficient.

Mr. Knudsen candidly acknowledged the following facts:

1) Neither he nor his assistant has any expertise in art preservation or relevant licenses. (Knudsen deposition p. 4, lines 4-9, No plumbing, electrical or technical licenses; p. 17, line 5, "Not an art person"; Id, at p. 22, line 24-25 & p. 23, line 1, "Will is my employee. He is an experienced carpenter, Jack of all trades.")

2) He did not consult with any experts before deciding on how to cover-up the Murals. (Knudsen deposition p. 18, lines 16-18, "[Q:] How did you come up with asking him about acoustic panels? [A:] Just out of the blue".)

3) He did not consult with anyone about the effect of putting acoustic panels over the Murals. (Knudsen Deposition p. 48, lines 13-16.)

4) His "research" to identify and select the cover-up materials was limited to a Google search. (Knudsen deposition p. 25, lines 5-8 "[Q] Did you go online to look for panels. Is that it? [A:] I believe so; I just Googled acoustic panels, Google knows everything."; *Id.* p. 37, lines 2-4, "Wasn't a whole lot of research.")

5) Knudsen acknowledges that he has not even inspected the acoustic tiles purchased for the proposed cover-up. (Knudsen deposition, p. 39, lines 23-25 through p. 40, lines 2-3 "[Q] And, sir, and the panels, have you actually seen the panels that you're going to use? [A:] Nope. [Q:] You've never touched them or had them – [A:] Nope; they're sitting in a cardboard box.")

6) VLS's only concern was to cover-up the Murals. (Knudsen deposition, p. 24, lines 17-19, "I never considered to protect or save the mural, so that was never in my thoughts; it was just to cover it."; and p. 33, lines 14-18, "[Q:] So your, your concerns were not with the mural, your concerns were in covering it over as cheaply and effectively as possible; is that correct? [A:] Yep."))

7) The installation of humidity and temperature monitors were suggested by VLS's attorneys, without any apparent input by experts in art preservation. (Knudsen deposition p. 50, lines 9-15)

8) VLS has no procedure to correct any humidity and temperature issues that may arise. (Knudsen deposition, p. 51, lines 9-12).

The Knudsen deposition demonstrates that the potential deterioration of or damage to the Murals behind the proposed panel wall continues to be an open issue. As freely admitted by Mr. Knudsen, the preservation of the Murals was never a concern. Notably, it is VLS's stated position that once it covers up the Murals, any deterioration that would occur is immaterial. In short, VLS argues that once it takes the proposed adverse action, Kerson has no remedy. Clearly, this is contrary to the prospective remedies set forth in VARA.

### The Phillips Declaration Confirms that VLS's Planned Cover-up Presents a Significant Potential Risk to the Integrity and Longevity of the Murals

The Phillips declaration explains the deficiencies in VLS's proposed plan. Ms. Phillips concludes that the proposed plan presents a significant risk to the integrity and longevity of the murals. Because paintings, including murals, are generally regarded as fragile, it is imperative that they be treated with care and any method of covering must be consistent with best practices

in the art conservation field. The VLS proposed wall does not meet that standard. (Phillips declaration, ¶8.)

Because works of art can be adversely affected by materials that come in close proximity to the art, it is critical that such materials be tested and found to be safe before use. (Phillips declaration, ¶8.) Acoustic tiles, the materials selected by VLS to cover-up the Murals, do not meet this fundamental requirement. They consist of unknown materials and may contain substances in the fabric, the backing, the interior core or manner of construction which will adversely affect or damage the surface of the Murals. Moreover, there is no record that acoustic tiles have ever been subjected to the Oddy Test, a recognized method to determine the safety of various materials used in art conservation. (Phillips declaration, ¶10.)

VLS's proposed placement of the cover, within a 1 ½ - 2" of the Murals, fails to insure a proper ambient environment in which the Murals are entombed. Because the Murals are painted on exterior walls, there is a risk of large temperature variations and moisture infiltration in the cavity. Coupled with the lack of venting, there is an increased risk of mold growth that, over time, will lead to damage to the Murals. (Phillips declaration, ¶13.)

VLS's proposed monitoring also is deficient. VLS's proposed wall provides no means of access and will block any visual monitoring of the Murals. There will be no way of determining whether the proposed wall, and the conditions it creates, has adversely affected the integrity of the Murals. (Phillips declaration, ¶14.)

The proposed installation of a humidity monitor will serve no purpose. VLS has made no provision for an art conservation professional to determine if the monitor readings indicate a potential problem. Moreover, even if a problem is identified, with no access to the cavity, there

6

would be no means of correcting the condition or preventing it from becoming worse. (Phillips declaration, ¶15.) No one has been designated to check the monitors or log the data and react.

The Phillips declaration confirms that VLS's proposed cover-up of the Murals will present a significant potential risk to the integrity and longevity of the Murals. This risk is exacerbated by VLS's failure to heed best practices in the art conservation field in its selection of the cover-up materials and proposed placement of the covering wall and the futility of VLS's proposed monitoring regiment.

### Summary Judgment Must Not be Granted Because there Remain Genuine Issues of Material Issues of Fact

Rule 56 of the Federal Rules of Civil Procedure provides that a party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. VLS cannot make the requisite showing.

VARA explicitly provides that the author of a work of visual art shall have the right

(A)   To <u>prevent</u> any intentional distortion, mutilation, or other modification of that work which would be prejudicial to his or her reputation …, and

(B)   To <u>prevent</u> any destruction of a work of recognized stature (emphasis supplied).

In its motion, VLS argues that the undisputed facts establish that installation of the cover will not modify or otherwise harm the Murals. The Phillips declaration refutes this assertion. As the prevention of potential damage to the Murals is a right enjoyed by Kerson under VARA, this raises a genuine issue of material fact, foreclosing the grant of summary judgment.

In view of the foregoing, Kerson respectfully requests that the Court deny VLS's motion for Summary Judgment and order VLS to file a prompt Answer to the Complaint.

                                                                             **PLAINTIFF,**
                                                                             **SAMUEL KERSON**

By: /s/ Steven Hyman                               By: /s/ Richard Rubin

Steven J. Hyman (2097)                          Richard I. Rubin (7012)
McLAUGHLIN & STERN, LLP                 RUBIN, KIDNEY, MYER & VINCENT
260 Madison Avenue                              237 North Main Street, Suite 3
New York, New York 10016                  Barre, Vermont 05641
Phone (212) 448-1100                          Phone: (802) 479-2514
Fax (212) 448-0066                              Fax: (802) 479-2516
shyman@mclaughlinstern.com            rrubin@rkmvlaw.com
*Attorneys for Plaintiff*                             *Attorneys for Plaintiff*

Date:   July 1, 2021